Defendant Richard A. Showalter has appealed from an order of the Lorain County Court of Common Pleas that designated him a sexual predator. This Court affirms.
 I.
On October 30, 1990, defendant was indicted by the Lorain County Grand Jury on two counts of rape in violation of Section2907.02(A)(2) of the Ohio Revised Code. On September 23, 1991, a jury found him guilty of both counts. The trial court sentenced him to a term of incarceration of nine to twenty-five years on each count to be served concurrently. This Court affirmed his convictions in State v. Showalter (Aug. 19, 1992), Lorain App. No. 91CA005215, unreported.
On July 16, 1997, the trial court held a hearing to determine if defendant should be classified as a sexual predator. The trial court found that defendant should be classified as a sexual predator, pursuant to Section 2950.09(C). Defendant has timely appealed and asserted three assignments of error.
 II. A. First Assignment of Error The trial court erred in applying an unconstitutional law tothe [defendant] and finding him to be a sexual predator.
 Second Assignment of Error The trial court erred in applying an unconstitutionallyvague law to the [defendant] and finding him to be asexual predator.
 Third Assignment of Error The trial court erred in subjecting [defendant] to proceedingsunder the sexual predator law and thereby finding the retroactiveapplication of the statutes in House Bill 180 to be constitutional.
Because defendant's assignments of error are related, this Court will discuss them together. In support of his first assignment of error, defendant has argued that the sexual predator classification, registration, and notification requirements are punitive in nature; therefore, they violate "the constitutional protections against cruel and unusual punishment and Ex Post Facto
Laws." He has also stated that the sexual predator law "conflicts directly with several constitutional propositions such as the right to be free from punishment for status; the rights of due process; double jeopardy; and cruel and unusual punishment." He, however, has failed to develop any of those arguments, with the exception of the cruel and unusual punishment and Ex Post Facto
arguments. In support of his second assignment of error, he has argued that the sexual predator law is unconstitutionally vague because it fails to provide any direction on "how strong of a showing must be made by the prosecutor in order for a defendant to be classified a sexual predator" and "fails to provide any direction on who bears the burden of proof at a sexual predator hearing." In support of his third assignment of error, he has argued that the sexual predator law, through "its combined use of a prior conviction, present inmate status, due process proceedings, and language[,]" is clearly retroactive and thereby violates the Ex Post Facto clause.
Defendant's arguments are without merit. This court has held that "the sexual predator laws do not violate privacy, double jeopardy, equal protection, and cruel and unusual punishment protections afforded by the Ohio Constitution and the United States Constitution." State v. DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported, at 3. Also, this Court has held that the sexual predator laws do not violate the Retroactivity Clause of the Ohio Constitution or the Ex Post Facto Clause of the United States Constitution. DeAngelo, supra at 2, citing State v.Kimble (Feb. 4 1998), Lorain App. No. 97CA006730, unreported. Finally, in State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported, this Court held that the sexual predator laws were not unconstitutionally vague. Defendant's assignments of error are overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
FOR THE COURT
SLABY, P. J.
CARR, J.
CONCUR